ANTONIO JAUME, ETC., ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1377. Argued November 9, 1942.—Decided December 21, 1942.

*Ramón G. Goyco* for petitioners. *Luis A. Noriega* and *R. Hernández Matos* for complainants in the main action.

164

MR. JUSTICE DE JESÚS delivered the opinion of the court.

A complaint was filed by eleven workmen against "Abelardo Aguilú and Antonio Jaume, doing business under the commercial firm name of Aguilú & Jaume" pursuant to §1 of Act No. 10 of 1917 (Spec. Sess. Laws, p. 216), as amended by Act No. 40 of April 17, 1935 (Laws of 1935, p. 238), which reads as follows:

"That whenever a workman or employee shall have to claim from his employer any sum on account of compensation for work or labor done for said employer, or for compensation in case said workman or employee has been discharged without previous notice and without justified cause, he may appear before the municipal court of the municipal judicial district wherein the work was done or where said workman or employee resides on the date of the claim, and file a complaint against the employer, which complaint shall be made out or filled in, as the case may be, by the judge or secretary of the court, the workman or employee setting forth therein, under oath, the facts upon which the claim is founded.

"The complaint may include the claims of all such workmen or employees of the same employer as failed to receive their wages due on the same work; *Provided,* That the filing of a claim by one or more workmen or employees shall not hinder the filing of other actions by other workmen or employees."

It was set forth in said complaint that the complainants had done work in extra hours for which they claimed compensation and that they had performed said work for the defendants while doing business under the above-mentioned commercial firm name. After plaintiff's evidence had been introduced, the municipal court dismissed the complaint on a motion for nonsuit. Feeling aggrieved by this decision, the complainants appealed to the District Court of Ponce where the trial was set for April 14, 1942. Seven days before the trial of the case, the plaintiffs sought leave from the district court to amend the complaint and attached a draft of the amended complaint wherein the action was brought against "Antonio Jaume for himself, and Abelardo Aguilú and Antonio Jaume, doing business under the com-

mercial firm name of Aguilú & Jaume,'' and it was alleged therein that certain hours of the work done by some of the complainants—the names, type of work, and time were specified—were for Antonio Jaume while the latter was the exclusive owner of the business, and that the rest of the work was performed for Aguilú & Jaume, from the date the said business became the property of said firm.

The defendants opposed this amendment, but since the lower court granted leave to amend, they instituted a certiorari proceeding seeking the annulment of said order (a) because in the amended complaint, suit is brought against Antonio Jaume and against Aguilú & Jaume, that is, against two distinct employers, and according to the defendants, a joinder of actions does not lie in suits of this kind, and (b) because the amended complaint does not affect all the complainants in the same manner, since there are some complainants who worked exclusively for Antonio Jaume while others worked for Aguilú & Jaume.

From a brief examination of Act No. 10 of 1917 it will be seen that the purpose of said act is to enact a rapid and simple proceeding to adjust controversies between the workmen and employers wherein the former claim from the latter compensation for work done for said employers, or for compensation in case said workman or employee has been discharged without previous notice and without just cause. The proceeding providing for the recovery of such compensations is so informal that it authorizes the judge or secretary of the court where the case is to be tried to make out or file the complaint. It is obvious that an act of this nature must be construed with such liberality as to enable the act to attain its purpose, so long as the essential rights of the defendants are not prejudiced.

There is involved herein a business which was first owned by Antonio Jaume and which, Abelardo Aguilú subsequently joined, without such association creating a juridi-

cal person distinct from the members of the firm, since, according to the complaint, the association was not organized in the manner provided by statute. We are not convinced that two different employers are involved, according to the spirit of the law, and neither, in our opinion, that it is a different cause of action. ■ By granting the amendment, the lower court did not prejudice the essential rights of the defendants, who, from the moment that they were notified of the complaint, submitted to the jurisdiction of the court and have a reasonable opportunity to defend themselves just as if the complaint had been originally filed as thereafter amended. However, if the amendment had been denied, and the complainants had been compelled to confine their evidence to the averments of the original complaint, they would have been prejudiced and thereby precluded from recovering for the services which they allege they rendered to Jaume exclusively. See *González* v. *González*, 43 P.R.R. 792.

For the reasons stated, the lower court did not err in granting the filing of the amended complaint and this being so, the writ issued will be annulled, and the case remanded to said court for further proceedings in accordance with law.